UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC W.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5145 RSM

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE

Plaintiff seeks review of the partial denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred in assessing lay witness testimony, determining his disability onset date, and relying on vocational expert testimony. Dkt. 11. As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## BACKGROUND

Plaintiff is currently 44 years old, has a high school education, and has worked as a cook. Dkt. 7, Admin. Record (AR) 80, 33-34. Plaintiff applied for benefits in September 2016, alleging disability as of April 4, 2016. AR 80. Plaintiff's applications were denied initially and on reconsideration. AR 79, 111. After the ALJ conducted a hearing in April 2018, the ALJ issued a decision finding Plaintiff disabled beginning November 21, 2017. AR 42, 21-36.

# THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that from the April 2016 alleged onset date to the November 2017 established onset date:

**Step one:** Plaintiff did not engage in substantial gainful activity.

**Step two:** Plaintiff had the following severe impairments: degenerative disc disease, shoulder arthritis, status post right shoulder rotator cuff repair, migraine headaches, obesity, major depressive disorder, posttraumatic stress disorder, adjustment disorder, and anxiety disorder.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff could perform sedentary work, lifting and carrying 10 pounds occasionally and less than 10 pounds frequently. He could stand or walk two hours and sit six hours per day. He could never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, crouch, kneel, and crawl; occasionally reach overhead bilaterally; and frequently reach in all other directions bilaterally. He needed to avoid concentrated cold, vibrations, and hazards. He could perform simple, routine, repetitive tasks, consistent with unskilled work. He could tolerate occasional interaction with coworkers and the public.

**Step four:** Plaintiff could not perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed, Plaintiff was not disabled.

AR 24-36. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

# DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.      Lay Witness Statements**

Plaintiff's ex-wife wrote a letter in March 2018 stating that Plaintiff is "depressed and anxious," "isolates himself," and cannot stand for more than an hour. AR 308.[3] Plaintiff's girlfriend stated in a Function Report that Plaintiff had difficulty lifting more than 15 pounds or bending down and could only walk 45 minutes at a time. AR 260. He was "always forgetting things." AR 265. The ALJ accepted much of the lay witnesses' statements. The RFC limits lifting, standing, walking, bending, reaching, concentration/attention, and social interactions. AR 26-27.

---

[3] Plaintiff's ex-wife also wrote that after rotator cuff surgery in 2015 Plaintiff needed help getting dressed and in early 2016 before their divorce was finalized he sometimes needed help getting out of bed, but those were not probative of the relevant period. AR 308.

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The ALJ gave the lay witness statements "partial weight" and "considered [them] alongside the treatment records and medical source opinions…." AR 32. This indicates that he accepted the statements to the extent they were consistent with the medical evidence, and rejected them to the extent they were inconsistent.[4] *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (court "will not fault the agency merely for explaining its decision with less than ideal clarity" (internal quotation marks omitted)). While lack of supporting medical evidence is insufficient to discount lay witness testimony, inconsistency with medical evidence is a germane reason. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Plaintiff attempts to reverse the burden on appeal, arguing that the "ALJ fails to explain" what parts of the statements are inconsistent with the RFC. Dkt. 18 at 5. But it is Plaintiff's burden to show the ALJ erred, by failing to either incorporate lay witness evidence into the RFC or provide adequate reasons to reject it. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (party challenging administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). Plaintiff has not met his burden.

The Court concludes the ALJ did not err in handling the lay witnesses' statements.

**B.     Onset Date**

The ALJ found that, beginning around the November 2017 established onset date, Plaintiff's treatment records reflected worsening mental health. AR 32 (citing AR 1896-97,

---

[4] The ALJ did note that Plaintiff's ex-wife and girlfriend were "not medical sources," but that would not be a germane reason to discount their statements. AR 32; *Diedrich*, 874 F.3d at 640 ("The fact that lay testimony … may offer a different perspective than medical records alone is precisely why such evidence is valuable" in a disability determination).

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

1920-22, 1926-27). Plaintiff was assessed for suicide risk and given a Suicide Safety Plan on October 20, 2017. AR 1926-27. On November 21, 2017, Plaintiff had "a series of panic attacks" at his appointment, and his provider discussed inpatient hospitalization as an option. AR 1921, 1897. This was substantial evidence of a change in Plaintiff's impairments.

Plaintiff contends that his disability began April 4, 2016, when he was medically discharged from military service. Dkt. 11 at 5-6. He argues that there was "nothing to differentiate" the periods before and after the November 2017 onset date established by the ALJ, because his diagnosed medical conditions and frequency of treatment visits were the same, and his two failed work attempts show he could not work during the period at issue. *Id*. at 6. Regardless of Plaintiff's diagnoses or treatment frequency, substantial evidence supports the ALJ's finding that Plaintiff's impairments worsened. And failed attempts at more physically demanding jobs do not show that Plaintiff was unable to perform sedentary jobs consistent with his RFC. *See* AR 48 (job delivering mail required too much walking; job as cook required too much standing). In his reply brief, Plaintiff argues that his medical conditions did not "meet retention standards" in November 2015, leading to his military discharge. Dkt. 18 at 2 (citing AR 1254). Inability to continue in military service also does not show that Plaintiff could not have performed jobs consistent with his RFC. *See* AR 1263 (Plaintiff "cannot lift heavy pots" as required for job as army cook).

The Court concludes the ALJ did not err in establishing the November 2017 onset date.

C. **Vocational Expert Testimony**

Relying on vocational expert testimony, the ALJ concluded that Plaintiff could work as a document preparer, addresser, or escort vehicle driver, occupations that existed in significant numbers in the national economy. AR 35. The Commissioner concedes that document preparer,

with a reasoning level of three, is inconsistent with the RFC restriction to simple, routine, repetitive tasks. Dkt. 17 at 11.

### 1. Addresser

Plaintiff contends that the occupation of addresser no longer exists as it is described in the Dictionary of Occupational Titles (DOT). Dkt. 11 at 9. According to the DOT, an addresser "[a]ddresses by hand or typewriter, envelopes, cards, advertising literature, packages, and similar items for mailing [and m]ay sort mail." DOT 209.587-010, 1991 WL 671797 (G.P.O. 1991).

Plaintiff attaches a 23-page document to his reply brief that he asserts establishes that the job of addresser "no longer exists according to the Social Security Administration." Dkt. 11 at 9. The statute governing judicial review of disability benefits decisions generally limits this Court's review to the Administrative Record. *See* 42 U.S.C. § 405(g), sentence four (court may enter judgment "upon the pleadings and transcript of the record"). Even if this Court were to consider Plaintiff's submission, it would not support Plaintiff's position. Despite the agency logo featured on the first page of the document, there is no evidence that it is an official publication of or endorsed by the Social Security Administration. *See* Dkt. 18 at 8. The document—which lists addresser as well as other jobs and states that "[i]t is doubtful that these jobs, as described in the DOT, currently exist in significant numbers in our economy"—does not appear to be produced by vocational experts. Dkt. 18 at 14, 8 (authors are a Social Science Research Analyst and a Social Insurance Specialist). This document does not establish that the addresser occupation no longer exists or otherwise undermine the ALJ's reliance on vocational expert testimony.

At the April 2018 hearing, a vocational expert testified that, while there are still a few jobs hand addressing, most addresser jobs now involve placing preprinted address label stickers. AR 73-75. Plaintiff accuses the expert of "modify[ing] the jobs descriptions in the DOT." Dkt.

18 at 6. The accusation is not pertinent to the issues before the Court. The ALJ's task at step five was not to answer questions about the DOT but to determine whether Plaintiff could have adjusted to work in jobs that "exist in significant numbers in the national economy…." 20 C.F.R. § 404.1560(c)(2). The vocational expert testified that there are over 7,000 jobs in the national economy for addressers, whether addressing envelopes by hand or with preprinted labels, and that a person with Plaintiff's RFC could perform those jobs. AR 69. Substantial evidence thus supports the ALJ's finding that Plaintiff could have performed this job.

### 2. Escort Vehicle Driver

Plaintiff argues that he could not have performed the job of escort vehicle driver. First, he argues that he could not sit more than 40 minutes at a time and had panic attacks five times per week. Dkt. 11 at 9-10. But these limitations are based on Plaintiff's testimony, which the ALJ discounted for the period before November 2017, a conclusion Plaintiff does not challenge. AR 28. Second, Plaintiff asserts that, because he took opiate medication and his girlfriend stated that "when he is on his meds, he cannot drive because it makes him drowsy," it would be "improper for him to drive a commercial vehicle or in a commercial context." AR 261; Dkt. 18 at 6-7. But the ALJ did not incorporate limitations due to drowsiness in the RFC, and thus must have rejected this portion of the lay witness opinion. Third, Plaintiff asserts he could not perform the job because he had several moderate mental limitations, but makes no connection between the limitations and the job requirements. Dkt. 18 at 6-7 (citing AR 106-08). This bare assertion is insufficient to preserve an issue on appeal. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with specificity in briefing). The ALJ did not err by finding that Plaintiff can perform the job of escort vehicle driver.

### 3. Harmless Error

Although the ALJ erred by finding Plaintiff could work as a document preparer, the error was harmless. *See Molina*, 674 F.3d at 1117 (error harmless if "inconsequential to the ultimate disability determination"). There are 7,338 addresser jobs and 20,289 escort vehicle driver jobs nationally. AR 35, 69. The Ninth Circuit has held that 25,000 jobs nationally "represents a significant number of jobs in" the national economy. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). Over 27,000 is thus sufficient.

The Court concludes the ALJ did not err by finding that Plaintiff could have performed jobs that exist in significant numbers in the national economy.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 11th day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE